### PENNSYLVANIA *v.* JOHN HUFFMAN.

*HUFFMAN* was indicted at *June* sessions, 1793, for that he, on the 4th *April*, 1793, feloniously did falsely make, forge, and counterfeit, and did cause and procure to be falsely made, forged, and counterfeited, a certain receipt, purporting to be signed by *Robert Lucky* (then deceased)in his lifetime, with the name of the said *Robert Lucky*, the tenor of which receipt is as follows,(to wit)

" *fapruary* 4*th* 1793  *Than Received of John Huf-man fifty pufhel of wheat for the ufe of Hugh Brifon  I fay Received by me*

" *Robert Luckey.*"

with intent to defraud the reprefentatives of the eftate of the aforefaid *Robert Lucky*, deceafed, and with intent to defraud the aforefaid *Hugh Brifon* of the value of the faid fifty bufhels of wheat.

It appeared in evidence, that *Lucky* was owner of a mill, and was indebted to *Huffman* on a judgment, that his land was encumbered by prior judgments, and that he died infolvent.  This receipt appeared as given for wheat put into *Lucky's* mill, and, after the death of *Lucky*, was delivered to *Brifon* by *Huffman*, as payment for wheat, which *Huffman* owed to *Brifon*.  The receipt was written by *Huffman*, and he being a *German*, and writing *p* for *b*, was expreffed as for fifty *pufhels* of wheat for the ufe of *Hugh Prifon*.  The fignature was proved not to be the hand writing of *Lucky*, and he, at the date, was fick, and did not attend the mill, and no wheat was then delivered by *Huffman*.

*Rofs*, for the defendant.  You cannot find *Huffman* guilty on this indictment—1. Becaufe there is a variance between the receipt ftated in the indictment, and the receipt produced in evidence.  The receipt in the indictment is for the ufe of *Hugh Brifon*.  The receipt produced in evidence is for the ufe of *Hugh Prifon*.

2. This indictment lays the offence to be againft the act of affembly.  It is not one of the offences ftated in the acts of affembly. 1 *St.L.* 5, 64.

3. The evidence is not fufficient to convict.  *Huffman* had a bond and judgment on *Lucky*, and, from prior incumbrances, had no other method of getting his money, but by obtaining this receipt from *Lucky*.  *Huffman* never pretended that he had delivered wheat.

PRESIDENT.  You may read the receipt, as the defendant intended it, as for fifty bufhels of wheat for the ufe of *Hugh Brifon*, and find a general verdict of conviction.  But if you are not fatisfied with this, you may find a fpecial verdict.

The jury found him guilty of forging a receipt for fifty *pufhels* of wheat, for the ufe of *Hugh Prifon*, and putting the name of *Robert Lucky* to it.

1793.        *Rofs* moved in arreft of judgment, on the variance between the indictment and the verdict.

*Bradford,* for the ftate, being afked by the court whether he had any hope of being able to fupport this verdict, faid, he thought he could, and would look into it.

He afterwards gave it up, and defired that the defendant fhould be bound over to anfwer to another indictment.

At *June* feffions, 1794, *Huffman* was tried again, on another indictment, drawn up in the fame words as the former, except that this one ftated the receipt for the ufe of *Hugh Prifon.*

To this indictment he pleaded a former conviction.

*Rofs,* for defendant, on this plea, read and relied on 2 *Hale's P. C.* 244-8.

2 *Hale* 244-5.   PRESIDENT. The cafes cited by Mr. *Rofs,* are cafes of acquittal on the merits, where the difference in the two indictments is chiefly circumftantial. Perhaps the fame reafons which would preferve a prefumed innocent man from a fecond trial, would not preferve a prefumed guilty man. On the merits, *Huffman* has *Vaux's cafe,* been convicted of a forgery, though not of the forgery 4 *Co.* 44. ftated in the indictment on which he was tried. On 2 *Hawk.* 536 the former indictment and verdict, no judgment could —7. be given, becaufe the verdict did not find the offence laid in the indictment; and becaufe that indictment for forging the note ftated in it, could be no bar to another indictment, for forging the note given in evidence.— The error is apparent on the record. And to fay now, that this is an indictment for the fame offence, would be, in fact, faying, that we ought to have given judgment on the former indictment. To let *Huffman* efcape now, by faying, that *Brifon* and *Prifon* are the fame, would be contradictory to the principle, on which he *Cogan's cafe,* formerly efcaped, that they are different. I fhould have *Leach, Crown* thought this cafe the fame, if, inftead of a fpecial ver- *Law* 389. dict, there had been an acquittal, on account of the variance. For I go upon the principle, that the former indictment, ftating a different offence from that ftated in the prefent, is no bar to proceeding on this indictment. This plea therefore cannot avail the defendant.

On the trial of the general iffue, the evidence was to the fame effect as before; and the jury found a general verdict of conviction.

*Rofs*, for the defendant, (who was a wealthy man) moved in arreft of judgment ;—1. Becaufe the indict-ment is laid as a felonious forgery, and againft the act of affembly, when it is not a felony under any act of af-fembly ; and,

2. Becaufe it is laid to defraud *Hugh Prifon*, when there is no fuch man, and the reprefentatives of *the eftate* of *Robert Lucky*, when it ought to have been the repre-fentatives of *Robert Lucky*.

*Bradford*, for the ftate, read *Henry Lavel's* cafe.

Mr. *Rofs* was very importunate that no opinion fhould be given, till he fhould have an opportunity of arguing this cafe again, which, on account of his ab-fence, was not till *March* feffions, 1795, when he refted on the fame points as before, and cited *Weftbeer's* cafe. He alfo moved for the remiffion of the defendant's re-cognizance, forfeited for abfence. This was granted on the terms of his paying reafonable cofts to the witneffes at both trials. Sentence was then paffed in the terms of the act of affembly of 1705, againft counterfeiting hands and feals.

*Margin notes:* 1793. / 2 *Hawk.* 320-6. / *Leach's Cro Law* 239. *ib.* 77. / *Leach's Cro. Law* 13. / 1 *St. L.* 64.